**Below is a Memorandum Decision of the Court.**

*Mary Jo Heston*
**Mary Jo Heston**
**U.S. Bankruptcy Judge**

**(Dated as of Entered on Docket date above)**

## UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

SINGH BROS EXPRESS LLC, et al.,[1]

               Debtors,

KULDIP SINGH, et al.,[2]

               Debtors.

Lead Case No. 24-42600-MJH

(Jointly Administered)

Lead Case No. 24-42602-MJH

(Jointly Administered)

**MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS**

---

[1] In addition to the lead corporate Debtor identified above, this case is being jointly administered with the chapter 11 cases of corporate debtors Singh Bros Transport LLC (24-42676-MJH) and Singh Bros Trucking LLC (24-42678-MJH).

[2] The bankruptcy case of individual debtor Kuldip Singh is similarly being jointly administered with the chapter 11 case of individual debtor Surjit Singh (24-42603-MJH).

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 1

This matter came before the Court on the following described three separate but related motions for relief from stay under 11 U.S.C. § 362(d).[3] First, All Track Transport USA Inc. ("All Track" or "Creditor"), filed a motion under 11 U.S.C. § 362(d)(1) and (2) in the chapter 11 cases of corporate debtors Singh Bros Express LLC ("Express"), Singh Bros Transport LLC ("Transport"), and Singh Bros Trucking LLC ("Trucking") (collectively "Corporate Debtors") jointly administered under Singh Bros Express LLC, Bankr. Case No. 24-42600, seeking entry of an order authorizing All Track to take immediate[4] custody and control of the approximately $3,266,000 ("Registry Funds") deposited in connection with state court litigation pending before the Washington State Pierce County Superior Court, Department 1, under Cause No. 23-2-08438-7.

Second, All Track filed an identical motion (collectively with the first motion referred to as the "All Track's Motions") seeking the same relief in the bankruptcy cases of individual debtors Kuldip Singh and Surjit Singh (collectively "Individual Debtors") being jointly administered under Kuldip Singh, et al., Bankr. Case No. 24-42602 (collectively, the Corporate Debtors and Individual Debtors will be referred to as "Debtors" or "Singh Brothers").

Third, the Corporate Debtors filed a motion, which was joined by the Individual Debtors ("Debtors' Motion"), seeking relief from stay solely to permit them to proceed with the consolidated appeals ("Appeals"),[5] pending in the Washington State Court of Appeals,

---

[3] Unless otherwise indicated, all chapter, section, and rule references are to the Federal Bankruptcy Code, 11 U.S.C. § 101–1532, and to the Federal Rules of Bankruptcy Procedure, 1001–9037.

[4] As part of All Track's Motions, it seeks a waiver or shortening of the stay period under Fed. R. Bankr. P. 4001(a)(4).

[5] As more fully discussed below, three appeals of various orders of different Washington State Superior Court departments relevant to the Motions are now pending and consolidated before the Washington State Court of Appeals, Division II ("Court of Appeals"). The first is the appeal of the various Washington State Superior Court orders requiring the Debtors to deposit the Registry Funds ("Preliminary Injunction Appeal"). The second is the appeal of the rescission judgment, which ordered the rescission of the sales contract between the parties while also allowing All Track to retain possession of the Debtors' assets transferred in the sale ("Rescission Judgment Appeal"). The third is the appeal related to the asserted right of the sale broker to a portion of the Registry Funds for payment of his broker's fee in connection with the

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 2

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 2 of 24

Division II (collectively All Track's Motions and the Debtors' Motions will be referred to as "Motions").

On February 6, 2025, the Court heard oral arguments on All Track's Motions and the Debtors' Motion and, having found that the Debtors were likely to prevail, took the Motions under advisement. Having considered the arguments of counsel, the pleadings, and other documents in the record, the Court hereby makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a), made applicable by Fed. R. Bankr. P. 9014(c) and 7052.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The factual background of this case is complicated, disputed by the parties, and subject to the Appeals. However, the following recitation of facts relevant to All Track's and the Debtors' Motions is undisputed.

### A. ASSET PURCHASE AND SALE AGREEMENT

Transport and Trucking operated a trucking, drayage, and freight-hauling business at the Port of Tacoma. Singh Decl. Resp., 2:8-9, ECF No. 106. In May 2023, the Debtors, Transport and Trucking, sold substantially all their assets, including semi-truck tractors and trailer chassis, to All Track under a written Asset Purchase and Sale Agreement ("APA") for a total purchase price of $3,474,858 ("Purchase Price"). Bricken Decl., 1:22-2:1, ECF No. 72; Singh Decl. Resp., 2:9-12. Express was not a party to the APA. The APA contained an express warranty that the trucks were "in compliance in all material respects with all applicable statutes, ordinances, rules, and regulations," including environmental,

_____

sale of assets ("Broker's Appeal"), which arose out of a separate Washington State Pierce County Superior Court case pending in Department 5 under Cause No. 23-2-10639-9.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 3

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 3 of 24

health, and safety requirements. Bricken Decl., Ex. 1 ¶ 14. The business broker, Transition360, LLC ("T360"), was to be paid a success fee out of the escrow account from the sale proceeds of 10% of the total selling price. Brain Decl., 1:2-27, ECF No. 99; Singh Decl. Resp., 2:18-20. Before closing, All Track deposited the Purchase Price into an escrow account maintained by Des Moines Escrow ("Escrow Account"). Bricken Decl., 1:24-2:1.

The sale closed on or around May 23, 2023, and most of the funds were distributed from the Escrow Account to Transport and Trucking. Singh Decl. Resp., 2:21-22. However, $796,532, representing a $300,000 indemnification holdback and the broker fee for T360, remained in the Escrow Account. Singh Decl. Resp., 2:23-3:2.

**B. SUPERIOR COURT LAWSUITS**

Shortly after the APA closed, All Track discovered that the emissions control systems in at least 30 of 36 semi-trucks purchased under the APA had been tampered with. Bricken Decl., 2:1-6. According to All Track, the tampering constituted a violation of the Clean Air Act, which prohibits any seller from altering emissions control systems. Bricken Decl., 2:1-6. On July 18, 2023, after discovering the defects, All Track notified Transport, Trucking, and the Debtors' principals, Kuldip Singh[6] ("Kuldip"), Surjit Singh[7] ("Surjit"), of its intent to terminate the APA, demanded a return of the purchase price plus damages and attorneys' fees, and stated it was ready to turn over the vehicles upon payment. Bricken Decl., 2:9-12, Ex. 1 ¶ 20.

On July 24, 2023, All Track sued the Debtors, Kuldip, and Surjit ("Singh Defendants") in Pierce County Superior Court, Department 1 ("Department 1") in an action styled *All Track Transport USA Inc. v. Singh Bros Transport LLC, et al.*, Cause No. 23-2-08438-7, seeking rescission of the APA and monetary damages ("Rescission Lawsuit"). Bricken Decl., 2:11-12; Brain Decl., 2:2-2:4; Singh Decl. Resp., 3:11-14.

---

[6] Kuldip Singh is the sole member of Express and Transport. Singh Decl. Resp., 2:6.

[7] Surjit Singh is the sole member of Trucking. Singh Decl. Resp., 2:7.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 4

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 4 of 24

On July 27, 2023, Department 1 entered a Temporary Restraining Order, Order to Show Cause, and Order Expediting Discovery ("TRO"), under which the Debtors were ordered to deposit $2,000,000 into an escrow account by August 25, 2023. Bricken Decl., 2:12-15, Ex. 2; Singh Decl. Resp., 3:17-3:18. On August 1, 2023, the Singh Defendants filed a Notice of Deposit of the funds into the Escrow Account. Bricken Decl., 2:18-21, Ex. 3; Singh Decl. Resp., 3:19-21. The Notice of Deposit states that between July 28, 2023, and August 1, 2023, Trucking and Transport deposited a sum of $1,700,000 into the Escrow Account. Bricken Decl., Ex. 3. However, according to the record, Transport did not deposit any funds.[8]

On September 1, 2023, Department 1 entered an Order Granting Plaintiff's Motion for Preliminary Injunction ("Preliminary Injunction") and ordered the Debtors to deposit additional funds into the Escrow Account equal to the full Purchase Price. Bricken Decl., 2:24-3:2, Ex. 4; Singh Decl. Resp., 4:1-4:6; Singh Decl. Mot., Ex. 1, ECF No. 86. The Singh Defendants moved for reconsideration of the Preliminary Injunction, claiming they had insufficient funds to deposit the full $3,474,585, which Department 1 denied. Bricken Decl., 3:3-6.

On September 23, 2023, T360 and its affiliate Transition360 Real Estate Services LLC (collectively "Transition") filed a Motion to Intervene in the Rescission Lawsuit, requesting a declaration that title to $496,532, representing the commission funds held in the Escrow Account, vested in Transition at the closing of the APA transaction. Brain Decl., 2:13-15. Transition's Motion to Intervene was denied on October 19, 2023, because the court found that Transition's claims were sufficiently different and distinct from the claims asserted by All Track. Brain Decl., 2:15-24.

---

[8] Instead, Trucking deposited $1,290,000, and Express, a nonparty to the APA, deposited $410,000 into the escrow account. Singh Decl. Resp., 3:17-3:22. Additionally, the remaining balance of $796,532 in the escrow account (i.e., the $300,000 indemnification holdback under the APA as well as the broker's fee for T360 of $496,532) was deposited bringing the total balance to an amount in excess of the $2 million required by the TRO. Singh Decl. Resp., 3:20-3:22; Brain Decl. 2:7-2:11.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 5

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 5 of 24

On October 20, 2023, Transition filed a separate action in Pierce County Superior Court Department 5 ("Department 5"), under Cause No. 23-2-10639-9, requesting the same relief as it requested in its motion to intervene in the Rescission Lawsuit ("Title Lawsuit"). Brain Decl., 2:27-3:3.

In January 2024, Department 1 entered an order to transfer $537,612.99 of the funds held in the escrow account to the Department 1 court registry ("Registry") to allow interest to accrue. Bricken Decl., 3:12-13, Ex. 5. A few days later, Department 1 also entered the parties' Stipulated Order Granting Motion to Deposit all Remaining escrow funds into the Court's Registry in an Interest-Bearing Account under which all funds held in escrow were ordered to be deposited into the Registry. Bricken Decl., 3:13-16, Ex. 5.

Before complying with Department 1's September 2023 order to deposit additional funds, the Debtors sought interlocutory discretionary review of the Preliminary Injunction by the Washington State Court of Appeals, Division II ("Court of Appeals"), in Case No. 58767-0-II. Singh Decl. Resp., 5:2-6; Singh Decl. Mot., 4:11-4:15. On February 15, 2024, the Court of Appeals determined that discretionary review of the Preliminary Injunction was warranted under Washington Court of Appeals Rule RAP 2.3(b)(1) despite noting that such review is based on an abuse of discretion standard and is available only "in those rare instance where the alleged error is reasonably certain and its impact on the trial is manifest." (citations omitted) ("Discretionary Review Ruling"). Singh Decl. Mot., Ex. 2. All Track subsequently filed several motions challenging the Discretionary Review Ruling, which were ultimately denied. Singh Decl. Resp., 5:19-23. On September 18, 2024, the Debtors filed an opening brief in the Preliminary Injunction Appeal. Singh Decl. Resp., 6:1-2; Singh Decl. Mot., 5:19-20.

In February and March 2024, Transport complied with the September 2023 Preliminary Injunction and deposited an additional $770,000 into the Registry, bringing the Registry Funds total to approximately $3.2 million, including interest. Bricken Decl., 3:23-25.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 6

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 6 of 24

On April 1, 2024, Transition filed a motion for summary judgment in the Title Lawsuit. Brain Decl., Ex. 4. On May 3, 2024, Department 5 entered an order on Transition's motion for summary judgment, stating that title was not currently vested in All Track, and the issue of whether the commissions were earned would be reserved for future resolution, contingent on the outcome of the Rescission Lawsuit. Brain Decl., Ex. 4. On May 30, 2024, Department 5 entered a subsequent order on Transition's motion for summary judgment, clarifying that it had jurisdiction over all parties claiming an interest in and title to $496,532 in Registry Funds and that All Track was divested of title to those funds at the closing of the APA transaction. Brain Decl., Ex. 5. The order further stated that "if it is proven that some or all of the $496,532 was not earned, the Singh Defendants would be in title to the unearned portion of the commission. Brain Decl., Ex. 5.

On July 17, 2024, an arbitration award was issued in the Title Lawsuit. Brain Decl., 5:5-7; Ex. 6. On September 11, 2024, Transition filed a motion to confirm the arbitration award, and on October 1, 2024, All Track objected to the motion to confirm. Brain Decl., 6:4-10. All Track's objection stated the following:

> All Track strongly opposes language in the proposed Judgment that purports to declare plaintiffs Transition360, LLC and Transition360 Real Estate Services, LLC (collectively "Transition") as titleholder of Registry funds because All Track already obtained a final Money Judgment and Order of Disbursement of those funds in All Track's Rescission Action as discussed below

Brain Decl., 6:7-11.

On September 23, 2024, after a three-week bench trial, Department 1 entered its Findings of Facts and Conclusions of Law, all in favor of All Track on its Rescission Lawsuit. Bricken Decl., 4:16-17; Singh Decl. Resp., 6:3-4. On September 23, 2024, Department 1 also entered a money judgment in favor of All Track for $5,736,404.08 with interest accruing at 12% against the Singh Defendants ("Judgment"). Bricken Decl., 4:17-

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 7

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 7 of 24

19, Ex. 8. On the same day, it entered an Order Authorizing Disbursement of Registry Funds to Plaintiff ("Disbursement Order") in which it made the following findings:

a. As the prevailing party and original payor of such funds under the APA, Plaintiff All Track is entitled to a return of all funds preserved under this Court's September 1, 2023, Injunction and above-noted Orders and, thus, all such funds shall be promptly returned to Plaintiff All Track.[9]

b. All funds shall be disbursed solely to Plaintiff All Track's owner Kan Sandhu, free and clear of claims, upon Mr. Sandhu's showing of proper identification, no sooner than Oct 3, 2024.

Bricken Decl., Ex. 9.

On October 2, 2024, the Rescission Lawsuit was reassigned to Department 5.[10] Brain Decl., 6:12. On October 4, 2024, the court entered an amended judgment ("Amended Judgment") on the Rescission Lawsuit, setting the money judgment at $6,765,693.39 as to Transport, Trucking, Kuldip and Surjit, jointly and severally, and $218,000 as to Express. Bricken Decl., 5:10-16, Ex. 10; Singh Decl. Resp., 6:4-9.

The Singh Defendants appealed the Amended Judgment by filing their notice of appeal on October 28, 2024 ("Rescission Judgment Appeal"). Singh Decl. Resp., 6:13-14; Singh Decl. Mot., 6:9-11.[11] The Singh Defendants also filed an emergency motion in the Court of Appeals seeking approval of alternative security in the form of a pledge of a deed of trust on Express's commercial property instead of posting a bond to stay the money judgment. Singh Decl. Resp., 6:18-22; Bricken Decl., 5:4-5:7. The Court of Appeals denied the request for alternative security and extended the temporary stay on the disbursement of the

---

[9] As noted previously, using the word return in reference to the Registry Funds is a fiction except with respect to the escrow portion of the funds. See supra p. 5 (discussing the source of the Registry Funds).

[10] The record does not indicate why the transfer of the Rescission lawsuit from Department 1 to Department was made.

[11] One of the Debtors' arguments in the Rescission Judgment Appeal is that Department 1 misapplied the remedy of rescission by not requiring a return of the property transferred under the APA. All Track disputes the Debtors' argument.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 8

Registry Funds to October 23, 2024, to allow the Singh Defendants time to obtain a supersedeas bond. Bricken Decl., 5:7-9.

On October 9, 2024, the Debtors filed a second emergency motion for alternative security in place of bond in the Superior Court[12], claiming that the Express real property had sufficient equity to secure the Amended Judgment. Bricken Decl., 5:17-20. The court denied the motion, set the bond amount at $8,400,000, less the amount of the Registry Funds, and extended the stay until October 31, 2024, to provide additional time for the Singh Defendants to secure a bond. Bricken Decl., 5:21-23.

The Debtors filed a third emergency motion for alternative security in place of bond, this time with the Court of Appeals. Bricken Decl., 5:24-6:1. On November 14, 2024, the Court of Appeals denied the motion and extended the stay until December 13, 2024, to provide additional time for the Singh Defendants to obtain a bond ("Ruling Denying Emergency Motion"). Bricken Decl., 6:1-4, Ex. 11; Singh Decl. Resp., 7:1-7:4. Finally, On December 11, 2024, the Court of Appeals consolidated the Preliminary Injunction Appeal and the Rescission Judgment Appeal. Singh Decl. Mot., 6:11-14.

**C. BANKRUPTCY PETITIONS**

On November 15, 2025, Express, Kuldip, and Surjit each filed chapter 11 petitions; on November 22, 2025, Transport and Trucking each filed chapter 11 petitions. Bankr. Case Nos. 24-42600-MJH; 24-42602-MJH; 24-42603-MJH; 24-42676-MJH; 24-42678-MJH. Thereafter, the Debtors filed their schedules, each reflecting some interest either in the Registry Funds, in the Appeals, or both.[13]

---

[12] The Court uses the term "Superior Court" when it is unclear in the record whether Department 1 or Department 5 took the specific action.

[13] Bankr. Case No. 24-42600-MJH, ECF No. 55 at 8, ECF No. 56 at 6 (Express's asset schedules referencing an interest in the Appeals and Statement of Financial Affairs referencing the transfers of the Registry Funds); Bankr. Case No. 24-42602, ECF No. 34 (Kuldip's Statement of Financial Affairs referencing the transfer of the Registry Funds); Bankr. Case No. 24-42603, ECF No. 17 at 30 (Surjit's Statement of Financial Affairs referencing the transfer of the Registry Funds); Bankr. Case No. 24-42676-MJH, ECF No. 14 at 8, ECF No. 15 at 6 (Transport's asset schedules referencing a contingent interest in the Registry Funds and Statement of Financial Affairs referencing the transfers of the Registry Funds); Bankr. Case No. 24-42678-MJH, ECF No. 13 at 8, ECF No. 14 at 6 (Trucking's asset schedules referencing

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 9

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 9 of 24

On December 13, 2024, Express filed an *ex parte* motion for joint administration with Transport and Trucking. Bankr. Case No. 24-42600-MJH, ECF No. 47. On December 16, 2024, Kuldip filed an ex parte motion for joint administration with Surjit. Bankr. Case No. 24-42602-MJH, ECF No. 17. On the same day, the Court entered an order granting the motions for joint administration for the Corporate Debtors. Bankr. Case No. 24-42600-MJH, ECF Nos. 50-52. On December 17, 2024, the Court entered an order granting the motion for joint administration for the Individual Debtors. Bankr. Case No. 24-42602-MJH, ECF Nos. 21-22.

**1. All Track's Motions.**

On January 3, 2025, All Track filed its Motions seeking relief from stay with respect to the Registry Funds. Bankr. Case No. 24-42600-MJH, ECF No. 70; Bankr. Case No. 24-42602-MJH, ECF No. 43. On January 29, 2025, Transition360 filed a response to All Track's Motions in the Corporate Debtors' case opposing All Track's Motions based on their asserted interest in the Registry Funds, which is one of the issues pending before the Court of Appeals. Bankr. Case No. 24-42600-MJH, ECF No. 98. On January 30, 2025, the United States Trustee filed a limited response to All Track's Motions in the Corporate Debtors' case, Bankr. Case No. 24-42600-MJH, ECF No. 104, and on the same day, the Debtors filed their response to All Track's Motions in the Corporate Debtors' case. Bankr. Case No. 24-42600-MJH, ECF No. 105. On January 30, 2025, the Debtors also filed their response to All Track's Motions in the Individual Debtors' case. Bankr. Case No. 24-42602-MJH, ECF No. 57. Finally, on February 3, 2025, All Track filed its reply in support of its Motions in the Corporate Debtors' case. Bankr. Case No. 24-42600-MJH, ECF No. 123.

---

a contingent interest in the Registry Funds and Statement of Financial Affairs referencing the transfers of the Registry Funds).

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 10

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 10 of 24

1    **2. The Debtors' Motion.**

2    The Corporate Debtors filed the Debtors' Motion on January 15, 2025, and the

3    Individual Debtors filed a joinder to the Debtors' Motion on January 16, 2025. Bankr. Case

4    No. 24-42600-MJH, ECF Nos. 85 and 88. On January 30, 2025, All Track filed a response

5    to the Debtors' Motion. Bankr. Case No. 24-42600-MJH, ECF No. 112. On February 3, the

6    Debtors filed a reply in support of their Motion. Bankr. Case No. 24-42600-MJH, ECF No.

7    127.

8    On February 6, 2025, the Court held a hearing on All Track's and the Debtors' Motions,

9    stated that the Debtors were likely to prevail on the Motions, and took the Motions under

10   advisement.

11   ### III. DISCUSSION AND CONLUSIONS OF LAW

12   #### A. ALL TRACK'S MOTIONS – IN GENERAL

13   Upon the filing of a bankruptcy petition, § 362(a) stays a broad range of proceedings

14   against the debtor, including acts to obtain possession or control over **property of the**

15   **estate**. 11 U.S.C. § 362(a)(1) and (3) (emphasis added). The automatic stay prohibiting

16   acts against property of the estate continues until **such property is no longer property**

17   **of the estate**. 11 U.S.C. § 362(c)(1) (emphasis added). Conversely, property that is not

18   property of the estate is not protected by the automatic stay.

19   All Track's Motions request that the Court enter an order granting it relief from stay

20   with respect to the Registry Funds under § 362(d)(1) for cause based on its assertion that

21   the Registry Funds are not property of the estate and that, therefore, the automatic stay

22   does not apply. All Track also seeks relief from stay under § 362(d)(2), asserting that the

23   Debtors lack equity in the Registry Funds and such funds are not necessary for an effective

24   reorganization. The Court will address these arguments separately.

25

26

27

**B. ALL TRACK'S § 362(d)(1) REQUEST**

**1. Threshold Issue and Burden of Proof.**

Section 362(d)(1) states that "the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." Relief from stay matters are determined pursuant to motions brought under Rules 4001(a)(1) and 9014 within restrictive time constraints. The sole argument that All Track makes under § 362(d)(1) is that cause exists because the Registry Funds are not property of the estate based on its assertion that upon entry of the Judgment, the Debtors lost any contingent interest they had in the funds, and as the prevailing party, it is entitled to the Registry Funds.

In essence, under the guise of a contested matter under Rule 9014 and § 362(d)(1), All Track seeks entry of a declaratory judgment that the Registry Funds are not property of the estate. This is further sought under a complex, incomplete, and confusing factual record involving orders from two separate departments of the Washington State Superior Court, which are the subject of three separate consolidated appeals pending before the Washington Court of Appeals. All Track cites no provision of the Code or Bankruptcy Rules or binding precedent that directs or authorizes a bankruptcy court to enter an order declaring the automatic stay inapplicable because property is not property of the estate in the context of a motion for relief from stay. In fact, Rule 7001(2) specifically requires an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property" with all the procedural protections and time frames of a civil lawsuit under the applicable Federal Rules of Bankruptcy Procedure (which substantially incorporate the corresponding Federal Rules of Civil Procedure).

Under such a proceeding, All Track, as the moving party, would have the burden of proof on whether the Registry Funds are property of the estate. *See Pacific Portland Cement Co. v. Food Mach. & Chem. Corp.*, 178 F.2d 541, 547 (9th Cir.1949) ("It is a

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 12

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 12 of 24

fundamental rule that the burden of proof in its primary sense rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue....").

By comparison, a hearing on a motion for relief from stay is merely a summary proceeding of limited effect. *First Fed. Bank of Cal. v. Robbins (In re Robbins),* 310 B.R. 626, 631 (9th Cir. BAP 2004), In relief from stay motions, for example, a bankruptcy court is not authorized to enter an *in rem* order that determines property interests. *In re Johnson,* 346 B.R. 190, 195–96 (9th Cir. BAP 2006) (holding in the context of § 362 stay relief); *see also In re Cogliano*, 355 B.R. 792, 805 (9th Cir. BAP 2006) (concluding that whether property is property of the estate cannot be determined in a contested matter). Instead, a court hearing a relief from stay motion should seek only to determine whether the party seeking relief has a colorable claim to property of the estate. *In re Veal*, 450 B.R. 897, 914 (9th Cir. BAP 2011). In a motion for relief from stay, the movant has the burden of proof on the issue of the debtor's equity in the property, and the party opposing such relief has the burden of proof on all other issues. 11 U.S.C. § 362(g); *In re Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009), *aff'd,* 603 F.3d 1100 (9th Cir. 2010).

Given that All Track is seeking relief outside the bounds of what is permissible under Rule. 9014 and § 362(d), the Court is wary of placing the burdens of proof prescribed under § 362(g) upon the Debtors. However, notwithstanding the defects of All Track's Motions, the Court need not decide whether the Registry Funds are property of the estate with any preclusive effect, but instead, only whether All Track has established a colorable claim to property of the estate and whether, under the same burden of proof standards, the Debtors have rebutted such showing under § 362(g)(2). Accordingly, the Court concludes it may narrowly rule on All Track's Motions for relief from stay.

### a. Contingent future interests are property of the estate.

Property of the estate includes "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Whether the bankruptcy estate has an interest in property is determined by looking at the debtor's legal and equitable

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 13

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 13 of 24

property rights on the date of the bankruptcy filing, as established under state law. *See Cogliano,* 355 B.R. at 800–01 (citing *Butner v. United States,* 440 U.S. 48, 54–55 (1979)). Whether a debtor does or does not include property in its schedules is irrelevant as to whether it is property of the estate. *See In re Pace*, 146 B.R. 562, 566 (9th Cir. BAP 1992).

Under Washington state law, the definition of property includes "everything, whether tangible or intangible, subject to ownership." Wash. Const. art. VII, § 1. The state constitution is extremely broad, encompassing anything capable of ownership. *Quinn v. State*, 526 P.3d 1, 27 (Wash. 2023), *cert. denied,* 144 S. Ct. 680, 217 L. Ed. 2d 381 (2024). A contingent interest is an interest that depends on the occurrence of a future event or uncertain condition. *In re Quick's Est.*, 33 Wn. 2d 568, 571 (1949). A contingent interest exists even if such an uncertain future event never takes effect. *See Shufeldt v. Shufeldt*, 130 Wn. 253, 267 (1924). "[The] definition of property of the estate has been broadly construed to encompass a debtor's contingent interest . . . even if that interest is reliant on future contingencies that have not occurred as of the filing date." *Anderson v. Rainsdon* (*In re Anderson*), 572 B.R. 743, 747 (9th Cir. BAP 2017). Accordingly, if the Debtors hold a contingent future interest in the Registry Funds, then it is property of the estate under § 541(a)(1), and All Track's request for relief from stay under § 362(d)(1) must be denied.

### *b. In re Pettit is inapplicable to this case, and the Debtors have established that they hold a contingent interest in the Registry Funds.*

In support of its argument, All Track cites *In re Pettit* as dispositive that the Registry Funds are not property of the estate. *See In re Pettit*, 217 F.3d 1072 (9th Cir. 2000). In *Pettit*, after the debtors sued to recover for an alleged stay violation, the Ninth Circuit Court of Appeals held that certain registry funds posted by the debtors were not property of the bankruptcy estate at the time the Pettits filed their bankruptcy petitions. *Id.* at 1080. It reasoned that the Pettits' property interest in the registry funds was extinguished when the jury ruled against them and upon entry of an adverse judgment. *Id.* at 1078. In *Pettit*, the debtors voluntarily deposited the funds to be held as judgment security, did not

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 14

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 14 of 24

appeal the deposit, or have any right to challenge the deposit of the funds. *Id*. Accordingly, once the adverse judgment was entered, the Pettits lost any legal or equitable interest in the funds. *Id*. Furthermore, the district court's order to release the funds, signed before the bankruptcy filing, further extinguished any remaining interest. *Id*. at 1080. All Track asserts that this case is the same as *Pettit* because the Judgment was entered before the Debtors filed bankruptcy, extinguishing any contingent interest in the Registry Funds.

The Debtors assert that they still have a contingent future interest in the Registry Funds. They claim that the future contingency is the outcome of the Appeals. Restated, if the Debtors succeed, they may be entitled to some, if not all, of the Registry Funds. Second, the Debtors assert that, unlike in *Pettit*, the Disbursement Order was stayed by the Court of Appeals and thus had no effect after the Debtors filed their petitions, further preserving their future contingent interest in the Registry Funds.

The Court finds that this case is factually distinct from *Pettit*. First, the *Pettit* debtors voluntarily placed the funds in the registry to secure any future judgment. Although *Pettit* indicates the debtors voluntarily placed the funds in the registry to prevent the district court from ruling on and granting a pending motion for a prejudgment writ of attachment, the fact remains that the Pettits agreed to it. The facts in this case are starkly different. The Debtors were compelled to place the Registry Funds into the Escrow Account and then into the Registry by court order. Moreover, they sought an interlocutory appeal of that order, which was granted and is still pending before the Court of Appeals on the issue of whether the Preliminary Injunction was proper in the first place.

Second, in *Pettit*, neither the underlying judgment nor the order of disbursement were stayed pending appeal. After the trial, the district court denied the Pettits' post-judgment motions before ordering the release of the balance of the registry funds, and the Pettits withdrew their request for a stay pending appeal. The Pettits filed for bankruptcy shortly after the order of disbursement was entered. Here, the Debtors have appealed the Amended Judgment, which is pending, and made several attempts to post a supersedeas

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 15

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 15 of 24

bond with alternate security before filing bankruptcy. In other words, whether enforcement of the court's orders would be stayed was an unresolved issue when the Debtors filed their bankruptcy petitions.

Third, in *Pettit*, the order of disbursement was in full effect when the Pettits filed for bankruptcy. The district court signed the order of disbursement after the Pettits withdrew their request for a stay pending appeal. The Pettits were no longer seeking a stay of execution of the funds in the registry, and the "ministerial act" was the clerk's office issuing the check postpetition. Here, the Court of Appeals entered a prepetition ruling, which administratively stayed the Disbursement Order until December 13, 2024. Therefore, at the time of the bankruptcy filings, the Disbursement Order was administratively stayed.

Finally, in *Pettit, the registry funds cannot* be counted towards the supersedeas bond amount. Notably, however, the *Pettit* court acknowledged that if the district court had permitted the debtors to use the funds as a portion of a new supersedeas bond for the appeal, it "would have created a new contingent property interest" in the funds. *Pettit*, 217 F.3d at 1079. From all appearances, that is what happened here. Although there is nothing in the record directly from the Superior Court stating the Debtors could count the Registry Funds towards the bond amount, the Court of Appeals' decision denying the Debtors' emergency motion stated that the "decision under RAP 8.1(b) require[d] Singh Bros to obtain a supersedeas bond of $8.4 million **(less the amount already in the court registry)**, in order to secure a stay of the $6.77 million judgment on appeal." Bricken Decl., Ex. 11 (emphasis added). Therefore, under *Pettit's* specific reasoning, the Debtors have an additional argument to support their claim of a contingent interest in the Registry Funds.

For the foregoing reasons, this Court finds that this case is substantively different from *Pettit* and concludes that *Pettit's* holding is inapplicable. The Court further finds that based upon the undisputed facts, the Debtors have established that they likely have a

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 16

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 16 of 24

contingent property interest in the Registry Funds that may vest in the Debtors pending the conclusion of the Appeals. Accordingly, to the extent that All Track's Motions seek relief for cause, the Court concludes that cause does not exist to grant All Track relief from stay under § 362(d)(1).

### 2. Section 362(d)(2) Argument.

Section 362(d)(2) states that "the court shall grant relief from stay . . . if – (A) the debtor does not have any equity in such property, and (B) such property is not necessary to an effective reorganization." "Both elements of the test must be met: there must be no equity, and the property must be unnecessary for effective reorganization." 3 *Collier on Bankruptcy* P 362.07. As provided in § 362(g)(1), the moving party has the burden of proof on the issue of the debtor's equity in the property. Once a movant establishes that a debtor has no equity in a property, "it is the burden of the debtor to establish that the collateral at issue is necessary to an effective reorganization." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375 (1988).

### a. The Debtors lack equity in the Registry Funds.

A debtor has no equity in the property for purposes of § 362(d)(2) when the debts secured by liens on the property exceed the value of the property. *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984). A motion for relief from stay is of limited scope. Therefore, in the context of a disputed claim pending appeal, the validity of the underlying claim is not litigated during the stay relief hearing. *See First Fed. Bank of Cal. v. Robbins* (*In re Robbins*), 310 B.R. 626, 631 (9th Cir. BAP 2004).

Under its § 362(d)(2) argument, All Track argues that to the extent the Registry Funds are property of the estate, the Court should grant relief from stay under § 362(d)(2). It asserts that the Registry Funds are insufficient to pay the full amount of its Amended Judgment, and, therefore, the Debtors lack equity in the Registry Funds. Specifically, All Track asserts that it holds a claim of approximately $6.7 million, and the Registry Funds are approximately $3.2 million. The Debtors do not assert otherwise in their response and

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 17

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 17 of 24

appear to concede they presently lack equity in the Registry Funds by stating that they represent approximately 45% of All Track's claim. However, the Debtors assert that All Track's claim is subject to setoff and could be significantly reduced upon resolution of the Appeals, giving the Debtors equity in the Registry Funds. Accordingly, the Court finds that All Track has established that the Debtors currently lack equity in the Registry Funds under the current facts.

### b. The Registry Funds are necessary for an effective reorganization.

All Track has met its burden of establishing that the Debtors lack equity in the Registry Funds. Therefore, the Debtors must establish that the property is necessary for an effective reorganization. This means there "must be a reasonable possibility of a successful reorganization within a reasonable time" and that the property at issue is necessary for that reorganization. *Timbers of Inwood Forest Assocs.,* 484 U.S. at 375–76. A debtor's burden under § 362(d)(2) increases as the case progresses. *Id.* In the early stages of the case, "the burden of proof . . . is satisfied if the debtor can offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" *In re Sun Valley Newspapers, Inc.,* 171 B.R. 71, 75 (9th Cir. BAP 1994) (quoting *In re Holly's Inc.,* 140 B.R. 643, 700 (Bankr. W.D. Mich. 1992)).

While the Debtors' plan has not been filed, at the February 6, 2025 hearing, counsel for the Debtors stated on the record that a disclosure statement and plan would be filed before the end of the exclusivity period under § 1121(b), and Debtors assert that the Registry Funds are necessary for that reorganization. The Debtors allege they can revive their freight hauling business if successful on appeal and the assets transferred under the APA are returned. Furthermore, they may be entitled to a return of at least a portion of the Registry Funds, and any of the Registry Funds claimable by the Debtors could be used for estate administration and eventual distribution under a confirmed plan. Furthermore, counsel for the Debtors stated that the Debtors would propose a 100 percent plan of reorganization, which would involve contributions from a nondebtor affiliate to pay plan

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 18

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 18 of 24

payments pending the outcome of the Appeals. Conversely, if the Debtors lose on appeal, the Registry Funds will be setoff against the remainder of All Track's judgment lien under § 553, and the unsecured balance of All Track's claim will be paid pursuant to the plan's terms.

The Court agrees that the Registry Funds are necessary for the Debtors' reorganization under either scenario. The Court finds that the Debtors have established a reasonable possibility of a successful reorganization within a reasonable time and that the Registry Funds are necessary for that reorganization. Accordingly, All Track is not entitled to relief from stay under § 362(d)(2).

### C. THE DEBTORS' MOTION

The Debtors request that the Court grant it relief from stay solely so that it may proceed with the Appeals. In support of their argument, the Debtors assert that cause exists for three reasons: (1) they have already filed their opening brief in the Preliminary Injunction Appeal; (2) continuing the Appeals will resolve issues in this case and move this case forward; and (3) the Appeals will not prejudice any of the parties. In response to the Debtors' argument, All Track asserts that the Court should deny relief because the Debtors filed these cases in bad faith and reasserts its argument that the Registry Funds are not property of the estate.

Generally, a relief from stay motion is typically filed by a creditor. However, the stay applies to "all entities, of (1) the commencement or continuation, . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). In the Ninth Circuit, § 362(a) operates as a stay of "appeals by the debtor when the original proceeding was brought against the debtor." *Ingersoll-Rand Fin. Corp. v. Miller Min. Co., Inc.*, 817 F.2d 1424, 1426 (9th Cir. 1987). Thus, it is appropriate for the Debtors to seek relief from stay to pursue the Appeals.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 19

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 19 of 24

As stated above, cause is determined on a case-by-case basis. *MacDonald*, 755 F.2d at 717. In the Ninth Circuit, the *Curtis* factors "are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *Kronemyer*, 405 B.R. at 921. The *Curtis* Factors are as follows:

> (1)   Whether the relief will result in a partial or complete resolution of the issues;
> (2)   The lack of any connection with or interference with the bankruptcy case;
> (3)   Whether the foreign proceeding involves the debtor as a fiduciary;
> (4)   Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
> (5)   Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
> (6)   Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
> (7)   Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee, and other interested parties;
> (8)   Whether the judgment claim arising from the foreign action is subject to equitable subordination;
> (9)   Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
> (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
> (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial and;
> (12) The impact of the stay and the "balance of hurt."

*In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). The Court finds that factors 3, 5, 6, 8, and 9 are inapplicable to the Debtors' Motion, and the relevant factors are 1, 2, 4, 7, 10, 11, and 12.

### 1. Factor 1: Granting the Debtors' Motion may partially resolve the issues.

The first *Curtis* factor weighs in favor of granting the Debtors' Motion. At heart, this dispute involves state law issues related to the Superior Court litigation. The parties agree that the Debtors filed their bankruptcy cases primarily because of the Superior Court

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 20

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 20 of 24

litigation and pending Appeals. Furthermore, absent a settlement, any confirmed plan likely will not be fully implemented without resolving the Appeals. Therefore, allowing the Debtors to proceed with the Appeals will necessarily begin resolving some, if not all, of the issues between the Debtors and All Track.

**2. Factor 2: The Appeals are directly related to this case.**

The second *Curtis* factor also weighs in favor of granting the Debtors' Motion. It is undisputed that the dispute between the Debtors and All Track caused the Debtors to file for bankruptcy. According to the Debtors' counsel's statements at the February 6, 2025, hearing, the Debtors admittedly filed this case to preserve its interests in the Registry Funds and other assets while pursuing the Appeals. It is also undisputed that the terms of the Debtors' proposed plan will be directly tied to the outcome of the Appeals. Although not yet filed, the Debtors have stated their intention to file a 100 percent plan. This would require full payment of All Track's allowed claim, which the Appeals will also determine. Thus, granting the Debtors' Motion and allowing the Appeals to proceed is necessary for any proposed plan's implementation.

**3. Factor 4: The Appeals are before the Washington State Court of Appeals.**

The fourth *Curtis* factor also weighs in favor of granting the Debtors' Motion. The Debtors have stated unequivocally that they are determined to continue with the Appeals. This Court cannot rule on the issues involved in the pending Appeals; these issues can only be resolved by the Court of Appeals. Moreover, the Debtors are exercising their rights to appeal a lower court judgment under Washington State law. As stated in more detail below, proceeding with the Appeals does not directly harm All Track and will likely move this case toward resolution. Additionally, counsel for the Debtors and Transition indicated at the February 6, 2025 hearing that resolution of the Appeals will likely take an additional 12-18 months. Thus, because the resolution of the Appeals is critical to the

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 21

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 21 of 24

Debtors' reorganization and resolution and payment of All Track's claim, permitting the Appeals to proceed is appropriate.

### 4. Factor 7: Granting the Debtors' Motion does not prejudice All Track.

The seventh *Curtis* factor weighs heavily in favor of granting the Debtors' Motion. The Debtors assert that granting it relief from stay will not prejudice any party. The Court recognizes that permitting the Debtors to proceed with the Appeals, without having to post a supersedeas bond, permits them to avail themselves of even greater stay protection because of the bankruptcy filing than existed out of bankruptcy. After all, the purpose of the supersedeas bond is to protect parties, like All Track, from additional harm while an appeal is pending. This is why the Superior Court set a bond amount of approximately 8.4 million. However, the bankruptcy filing, not the continuation of the Appeals, alleviated the need for the bond. The Debtors' good faith in filing is not an issue that can or should be decided within the context of a § 362 motion. Whether the filing was improper is irrelevant to the Court's analysis of the Debtors' Motion, and no party has filed a motion to dismiss based on bad faith. As such, the Court reasons that All Track is not prejudiced if the Court grants the Debtors' Motion and allows the Appeals to proceed.

### 5. Factor 10: Granting the Debtors' Motion is in the interests of judicial economy.

The tenth *Curtis* factor weighs in favor of granting the Debtors' Motion. As stated, if the Debtors can confirm a plan, its implementation will rely on the outcome of the Appeals, which will take at least 12-18 months to complete. All Track has not argued otherwise, and this Court determines that permitting the Appeals to resume is in the interest of judicial economy. Therefore, it makes prudent sense to let that process continue rather than holding up the Appeals pending plan confirmation or dismissal of this case.

### 6. Factor 11: The consolidated appeal is in the early stages, and the issues are not fully briefed.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 22

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 22 of 24

The eleventh *Curtis* factor weighs in favor of granting Debtors' Motion. Generally, this factor weighs against granting relief when the foreign proceedings are in the early stages, which is the case here. The parties have begun briefing the Preliminary Injunction Appeal, but it appears that the other issues are not briefed. However, given the estimated time to resolve the Appeals and its importance to this bankruptcy case, allowing the parties to proceed with the briefing schedule provided by the Court of Appeals is appropriate.

**7. Factor 12: The "balance of hurt" factor weighs in favor of granting the Debtors' Motion.**

The twelfth *Curtis* factor also weighs in favor of granting the Debtors' Motion. As stated in the discussion of Factors 2 and 7, the success of the Debtors' reorganization and payment of All Track's allowed claim in full appears to depend on the outcome of the Appeals. If the Appeals are resolved in its favor, All Track is potentially harmed by not having access to the Registry Funds and the lack of a supersedeas bond—not by allowing the Appeals themselves to proceed. On the other hand, in denying All Track's Motions, the status quo is preserved with respect to the Registry Funds, as releasing the funds to All Track without protection could result in the loss of such funds if the Debtors or Transition prevail on the Appeals.

In conclusion, the Court holds that the *Curtis'* factors weigh in favor of granting the Debtors' Motion. The Debtors have a colorable interest in pursuing the Appeals as they have a right to appeal under Washington state law; completing the Appeals is necessary for the consummation of a plan of reorganization, and allowing the Debtors to proceed does not directly harm All Track. Furthermore, the Court of Appeals is the only court that can rule on the Appeals. Given the close relationship of the Appeals to the bankruptcy cases, granting the Debtors' Motion also serves the interests of judicial economy. Accordingly, the Court will grant the Debtors' Motion.

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 23

Case 24-42600-MJH    Doc 139    Filed 02/14/25    Ent. 02/14/25 13:09:34    Pg. 23 of 24

1

### IV. CONCLUSION

2   The Court holds that the Debtors have met their burden to establish that cause does

3   not exist to grant relief from stay to All Track and that the Registry Funds are necessary

4   for their reorganization. Accordingly, the Court denies All Track's Motions. The Court

5   further holds that All Track has failed to establish that cause does not exist to deny the

6   Debtors' Motion. Accordingly, the Court grants the Debtors' Motion. The Court shall enter

7   an order for each Motion in accordance with and incorporating this Memorandum

8   Decision.

9

10                      / / / End of Memorandum Decision/ / /

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MEMORANDUM DECISION ON: 1) ALL TRACK'S MOTIONS FOR RELIEF FROM
STAY TO ACCESS FUNDS IN STATE COURT REGISTRY; AND 2) DEBTORS' MOTION
FOR RELIEF FROM STAY TO APPEAL STATE COURT ORDERS – 24